UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUREN FRANCES FINTRU
HARKNESS,

    Plaintiff,

v.                                                    Case No.:  8:21-cv-134-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Lauren Frances Fintru Harkness filed a Complaint on January 18, 2021.  (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 26).  For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on July 3, 2018, alleging a disability onset date of December 22, 2017. (Tr. at 20).[1] Plaintiff's claim was denied initially on September 28, 2018, and upon reconsideration on March 12, 2019. (*Id.*). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Michael A. Rodriguez held a hearing on February 14, 2020. (*Id.* at 44-79; *see also* Tr. at 20). The ALJ issued an unfavorable decision on April 23, 2020. (*Id.* at 20-34). The Appeals Council subsequently denied Plaintiff's request for review on November 25, 2020. (*Id.* at 6-8). Plaintiff then filed her Complaint with this Court on January 18, 2021, (Doc. 1), and

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations apply in Plaintiff's case because Plaintiff filed her claim after March 27, 2017.

2

the parties consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 13, 15).  The matter is, therefore, ripe for the Court's review.

### III.     Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023.  (Tr. at 23).  At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 22, 2017, the alleged onset date.  (*Id.*).  At step two, the ALJ determined that Plaintiff has the following severe impairments:  "chronic pain and fatigue; arthritis; systemic lupus erythematosus; Sjogren's syndrome; hypothyroidism; fibromyalgia; migraine headaches; and Raynaud's/thyroid disease (20 [C.F.R. §] 404.1520(c))."  (*Id.*).

At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R.] §§] 404.1520(d), 404.1525[,] and 404.1526)." (*Id*. at 24).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> [T]o perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except no pushing or pulling with the upper or lower extremities. She is not able to climb ropes, ladders, scaffolds, stairs, or ramps. The claimant is able to occasionally balance and stoop, but she is not able to kneel, crouch, or crawl. The claimant is able to perform frequent overhead, distance, and directional reaching. She is able to frequently perform bilateral manual dexterity functions, both fine and gross manipulations. She should avoid concentrated exposure to temperature extremes, both hot and cold, as well as humidity and vibration. In addition, she should avoid working around workplace hazards, such as unprotected heights or moving machinery.

(*Id*. at 26). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §] 404.1565)." (*Id.* at 32).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 404.1569 and 404.1569(a))." (*Id.*). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff "would be able to perform the requirements of representative occupations" such as: Lens Inserter (*Dictionary of Occupational Titles* ("DOT")# 713.687-026); Lens Block Gauger (DOT# 716.687-030); and Stone Setter

4

(DOT# 735.687-034). (*Id.* at 33). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 22, 2017, through the date of this decision (20 [C.F.R. §] 404.1520(g))." (*Id.* at 34).

## IV.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*,

979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

V.  Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, the issues are:

1. Whether the ALJ properly considered the opinion evidence;

2. Whether the ALJ properly considered Ms. Harkness' severe impairments of fibromyalgia and headaches; and

3. Whether the ALJ properly considered Ms. Harkness' credibility.

(Doc. 26 at 27, 47, 54). The Court first addresses Plaintiff's second issue and finds that it requires remand.

A.  Whether the ALJ Properly Considered Plaintiff's Fibromyalgia and Headaches.

Plaintiff argues that the ALJ failed to properly assess her severe impairments of fibromyalgia and migraine headaches. (*See* Doc. 26 at 47-50). Plaintiff contends that Dr. Fierro, her treating rheumatologist, consistently documented tender points and diminished range of motion during her visits. (*Id.* at 47-48 (citing Tr. at 456-57, 485, 542, 546, 704, 1287-89, 1326-28, 1361-63, 1385, 1389-91, 1417-18)). Plaintiff contends that because fibromyalgia symptoms "wax and wane so that a person may have bad days and good days," the ALJ should have considered the longitudinal evidence of record in assessing her impairments. (*See id.* at 48 (quotation and citations omitted)). Additionally, Plaintiff argues that the ALJ mistakenly concluded that Plaintiff's migraine headaches significantly improved with the use of

6

Nortriptyline and Emgality. (*Id.* at 49-50 (citing Tr. at 29)). Contrary to the ALJ's finding, Plaintiff asserts that she has switched between multiple types of medications, including Nortriptyline and Emgality, but none have been entirely effective. (*See id.* at 50). In sum, Plaintiff contends that the ALJ's decision is due to be remanded so that the ALJ can reconsider her impairments of fibromyalgia and migraine headaches. (*See id.*).

In response, the Commissioner asserts that the ALJ included fibromyalgia and migraine headaches as severe impairments at step two, (*id.* at 51 (citing Tr. at 23)), and a diagnosis of fibromyalgia and headaches alone does not support the argument that the ALJ should have imposed more restrictive limitations on Plaintiff's RFC, (*id.* (citing Tr. at 23-32; *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005))). The Commissioner also argues that Plaintiff failed to show that her fibromyalgia and headaches support greater limitations than those found by the ALJ. (*Id.* at 52 (citing 20 C.F.R. §§ 404.1505(a), 404.1509; *Barnhart v. Walton*, 535 U.S. 212, 217 (2002))). To support the ALJ's findings, the Commissioner points to the medical records that show Plaintiff regularly presented at doctors' visits "as awake, alert, oriented, and well appearing," exhibited "physical examination[ findings] throughout the record [that] were largely unremarkable," and showed normal findings on objective testing and imaging. (*Id.* at 52 (citations omitted)). Additionally, the Commissioner highlights that Plaintiff engages in physical activities of daily living. (*Id.* at 52-53 (citations omitted)). Finally, the Commissioner contends that Plaintiff also presented testimony admitting that her medications were effective at keeping her "flare-ups at

bay." (*Id.* at 53 (citing Tr. at 65)). In sum, the Commissioner asserts that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective statements and, in turn, the ALJ's assessment of Plaintiff's RFC. (*Id.* at 54).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Here, at step four, the ALJ found that "the medical evidence does not support [Plaintiff's] contention her impairments prevent her from performing work activity within the [RFC]." (Tr. at 28). The ALJ specifically found that Plaintiff "regularly treats for lupus, fibromyalgia, migraine headaches, Sjogren's syndrome, hypothyroidism, and Raynaud's/thyroid disease," (*id.* at 28 (citations omitted)), but also found that "her treatment has been conservative and has remained largely unchanged since the alleged onset date," (*id.* at 28-29). The ALJ also found that

"[t]reatment notes show [Plaintiff's] migraine headaches significantly improved with [N]ortriptyline and Emgality." (*Id.* at 29 (citing Tr. at 536, 551, 765, 1356, 1404)).

The Court finds, however, that the ALJ erred in his consideration of Plaintiff's treatment history and medication history. A review of Plaintiff's medical record shows that Plaintiff's providers routinely prescribed, and cancelled prescriptions for, several medications meant to treat Plaintiff's migraine headaches impairment, including Magnesium, Excedrin, Medrol, Nortriptyline, and Emgality. (*See id.* at 451-91, 503, 507, 536, 765; *see also* Tr. at 276-77). Additionally, as to Plaintiff's other severe impairments, Plaintiff was prescribed additional medications, such as Tramadol, Aleve, Plaquenil, Methotrexate, Folic Acid, Zofran, and Gabapentin. (*See id.* at 1284).

As to the specific medications, while Plaintiff originally reported that Nortriptyline was effective at controlling her migraine headache impairment, she eventually discontinued its use based on negative side effects and "breakthrough migraines." (*Id.* at 668, 765, 772). Similarly, while Plaintiff started Gabapentin as recently as October 10, 2018, to reduce the symptoms of pain associated with her Fibromyalgia, (*id.* at 1485-86), she "was weened off [the medication], as it was ineffective," (*id.* at 1284). Indeed, Plaintiff reported experiencing a fibromyalgia flare up despite taking both Gabapentin and Tramadol. (*See id.*). As to Emgality, while the ALJ correctly noted that Plaintiff reported improvement in controlling her migraine headaches, she still reported experiencing "approximately [four to five] headaches each month." (*Id.*).

9

Moreover, during the hearing, Plaintiff reported that her providers "have [her] on medication that [is] keeping [her symptoms at] what they would consider at bay or balanced, but [Plaintiff] would[ not] consider it comfortably livable." (*Id.* at 54). Plaintiff elaborated by stating that her medication is effective insofar as it prevents her from experiencing "long-lasting flares," but it does not prevent impairment flare-ups that "last[] a couple [of] days." (*Id.* at 65; *see also* Tr. at 65-70 (Plaintiff testifying to the effectiveness of her medication and the duration and severity of her "flare-ups")).

In sum, the Court finds that the ALJ's finding on Plaintiff's "conservative" and "unchang[ing]" treatment is not supported by substantial evidence. Similarly, the ALJ's finding that Plaintiff's migraine headaches are controlled by and "significantly improved with [N]ortriptyline and Emgality," is not supported by substantial evidence. Rather, because the ALJ relied on Plaintiff's treatment history and the effectiveness of Plaintiff's medications, the Court finds that further discussion was warranted as to Plaintiff's medication types, dosages, effectiveness, and side effects. *See Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). Additionally, because the ALJ failed to properly acknowledge the wide-ranging medication prescribed to Plaintiff, let alone fully address the effectiveness and side effects of Plaintiff's medications, the Court cannot now excuse this error as harmless based on its own re-weighing of the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Accordingly, the Court finds that the ALJ's decision is due to be remanded.

### B. Plaintiff's Remaining Arguments.

Plaintiff's remaining arguments focus on several issues that cannot be resolved until it is clear to the Court that the ALJ properly considered the medical evidence of record, including properly considering the evidence related to Plaintiff's medications. Indeed, a re-evaluation of the evidence related to Plaintiff's medications may impact the assessment of Plaintiff's subjective allegations and the other medical evidence of record. Moreover, a proper consideration of the medical evidence related to Plaintiff's medications may also affect other elements of the ALJ's decision. As a result, the Court finds that any ruling on Plaintiff's remaining arguments is premature at this time. Upon remand, the ALJ must re-evaluate the entire medical evidence of record in evaluating Plaintiff's case.

## VI. Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds the ALJ's decision is not supported by substantial evidence. Accordingly, the Court **ORDERS** that:

1. The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner must:

   (1) Properly consider the effectiveness and side-effects associated with all of Plaintiff's medications and (2) re-evaluate all evidence of record.

11

3. Any application for fees, costs, or expenses must comply with the Court's Standing Order on Management of Social Security Cases, *In re Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

4. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Tampa, Florida on September 26, 2022.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties